**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV13-00270 JAK (SSx) <br> LA CV13-01025 JAK (SSx) | Date | March 12, 2013 |
|---|---|---|---|
| Title | THR California, LLC v. Ararat Keshishyan, et al. <br> THR California, LLC v. Ararat Keshishyan, et al. | | |

| Present: The Honorable | JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Andrea Keifer | | Not Reported |
| Deputy Clerk | | Court Reporter / Recorder |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:** **(IN CHAMBERS) ORDER REMANDING LA CV13-01025 JAK (SSx) AND DISMISSING LA CV13-00270 JAK (SSx)   JS-6**

Two cases are pending before this Court that are based on the removal of successively-filed, unlawful detainer actions in Los Angeles Superior Court ("Superior Court"). The two unlawful detainer actions concern the occupancy of the same real property. For the reasons stated in this Order, the Court does not have subject matter jurisdiction over either action.

On November 1, 2012, THR California LLC ("Plaintiff") brought an unlawful detainer action (the "First UD Action") against Ararat Keshishyan ("Defendant") in Superior Court. First Notice of Removal, Exh. A, Dkt. 1.[1] Plaintiff alleged that it was the owner of the residential property located at 8014 Grove Street, Los Angeles, CA, 91040 (the "Property"). *Id.* at ¶ 3. Plaintiff further alleged that Defendant failed to comply with a written notice to vacate served on October 22, 2012. *Id.* at ¶ 10. Accordingly, through the unlawful detainer action, Plaintiff sought possession of the Property and such other relief that the court deemed appropriate. *Id.* at p. 3.

On November 10, 2012, Plaintiff brought a second unlawful detainer action (the "Second UD Action") against Defendant in Superior Court. Second Notice of Removal, Exh. A, Dkt. 1. In addition to the allegations in the first complaint, Plaintiff specified that a "3/30/60/90 Day Notice for Possession" was served on November 8, 2012 and expired on November 11, 2012. *Id.* at ¶ 7. Plaintiff also claimed that the fair rental value of the Premises was $73.33 per day, and, as relief, requested damages at this rate in addition to possession of the Premises. *Id.* at ¶¶ 9-10. The First UD Action was dismissed without prejudice on November 26, 2012. Khatibi Decl., Exh. A., Dkt. 12.

On January 14, 2013, Defendant removed the First UD Action to this Court. First Notice of Removal, Dkt. 1. On February 12, 2013, Defendant removed the Second UD Action to this Court. Second Notice of Removal, Dkt. 1. The arguments in both removal filings are identical. Defendant, who is self-

---

[1] To distinguish similar filings in the two actions, filings in LA CV13-00270 JAK (SSx) will be referred to as "First" and filings in LA CV13-01025 JAK (SSx) will be referred to as "Second."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | LA CV13-00270 JAK (SSx) <br> LA CV13-01025 JAK (SSx) | Date | March 12, 2013 |
|---|---|---|---|
| Title | THR California, LLC v. Ararat Keshishyan, et al. <br> THR California, LLC v. Ararat Keshishyan, et al. | | |

represented, contends that this Court has federal question jurisdiction under 28 U.S.C. § 1331.

On February 19, 2013, this Court issued an Order to Show Cause re Subject Matter Jurisdiction (the "OSC") in the First UD Action. Dkt. 11. The parties were directed to respond to the OSC on or before March 4, 2013. *Id.* On March 4, 2013, Plaintiff filed a response to the OSC, which included evidence showing that the case had been dismissed in Superior Court prior to its removal. Dkt. 12. Defendant did not respond to the OSC.

On February 28, 2013, Plaintiff filed a motion to remand the Second UD Action. Dkt. 11. On the same day, Plaintiff filed an Ex Parte Application for an order shortening time for the hearing on the motion to remand the Second UD Action. Dkt. 12. In support of its motion, Plaintiff stated that the Second UD Action was tried in Superior Court on January 16, 2013, prior to the removal of the Second UD Action on February 12, 2013, and Plaintiff prevailed. Friedman Decl., Exh. A, Dkt. 11. A "lock out" was conducted by the Los Angeles County Sheriff on February 27, 2013 and Defendant is no longer in possession of the property. Friedman Decl. ¶ 4, Dkt. 11.

For the reasons stated in this Order, the Court concludes that it does not have subject matter jurisdiction over either action. Accordingly, the motions filed in the Second UD Action are moot.

The First UD Action was dismissed in the Superior Court prior to its removal. Accordingly, the Court dismisses the First UD Action. Even if the First UD Action had not been dismissed in the Superior Court prior to its removal, the Court would not have had subject matter jurisdiction over it for the reasons stated in its Order to Show Cause, Dkt. 11. These are the same reasons that it does not have subject matter jurisdiction over the Second UD Action.

The Second UD Action should be remanded. A substantive review of the basis for the removal shows that it was improper because the Court lacks subject matter jurisdiction. Thus, notwithstanding Defendant's claims that removal is proper under 28 U.S.C. § 1331, a consideration of the operative complaint in the Second UD Action shows that it is not.

Federal question jurisdiction exists where a civil action arises "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

> For a case to 'arise under' federal law, a plaintiff's well-pleaded complaint must establish either (1) that federal law creates the cause of action or (2) that the plaintiff's asserted right to relief depends on the resolution of a substantial question of federal law. Federal jurisdiction cannot hinge upon defenses or counterclaims, whether actual or anticipated.

*K2 Am. Corp. v. Roland Oil & Gas, LLC*, 653 F.3d 1024, 1029 (9th Cir. 2011). Plaintiff's unlawful detainer complaint in the Second UD Action does not contain a cause of action that arises under federal law, nor does it raise a federal question; it alleges only unlawful detainer under California law. *See* Second Notice of Removal, Exh. A, Dkt. 1. Defendant argues that a federal question exists because Defendant's demurrer to the state law action depends on a determination of rights related to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | LA CV13-00270 JAK (SSx) | Date | March 12, 2013 |
|---|---|---|---|
| | LA CV13-01025 JAK (SSx) | | |
| Title | THR California, LLC v. Ararat Keshishyan, et al. | | |
| | THR California, LLC v. Ararat Keshishyan, et al. | | |

notice requirements under federal law. Second Notice of Removal, p. 2, Dkt. 1. However, the federal question "must be disclosed upon the face of the complaint, unaided by the answer or by the petition for removal." *Takeda v. Northwestern Nat. Life Ins. Co.*, 765 F.2d 815, 821-22 (9th Cir. 1985) (quoting *Gully v. First National Bank*, 299 U.S. 109, 113 (1936); *Westinghouse Elec. Corp. v. Newman & Holtzinger*, P.C., 992 F.2d 932, 934 (9th Cir. 1993) (federal jurisdiction on removal must be determined from the face of plaintiff's complaint). The existence of a defense or counter-claim based upon federal law is insufficient to support federal question jurisdiction. *K2 Am. Corp.*, 653 F.3d at 1029. Thus, Defendant's allegations do not confer subject matter jurisdiction on this Court.

The Court's Order to Show Cause in the First UD Action raised this same issue and Defendant failed to respond. The removal documents are identical in both unlawful detainer actions. Thus, Defendant had an opportunity to respond to the § 1331 deficiencies in each removal request, but failed to do so. The Court has sufficient information before it to determine that it does not have subject matter jurisdiction over the Second UD Action. Further, that the Superior Court already has entered judgment on the Second UD Action prior to its removal also supports remand.

For the foregoing reasons, LA CV13-00270 JAK (SSx) is DISMISSED and LA CV13-01025 JAK (SSx) is REMANDED to the Superior Court of California, County of Los Angeles, at its Chatsworth Courthouse, Case No. 12H04203.

**IT IS SO ORDERED.**

:

Initials of Preparer    ak